IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lewis Jenkins, ) | C/A No. 0:08-3776-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons; and Mary M. Mitchell,[1] ) | |
| Warden of FCI Edgefield, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 15.) The petitioner, Christopher Lewis Jenkins ("Jenkins"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241. He challenges the decision of the Federal Bureau of Prisons ("BOP") that Jenkins is ineligible for early release from prison pursuant to 18 U.S.C. § 3621(e) if he successfully completes a Residential Drug Abuse Program.

The respondents filed a motion for summary judgment. (Docket Entry 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 16.) Jenkins filed a response in opposition to the respondents' motion.

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), the current Warden of FCI Edgefield, Mary M. Mitchell, is substituted for Respondent John J. LaManna. Furthermore, the person who has custody over a petitioner is the only proper respondent in a habeas corpus action. 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Therefore, in addition to being entitled to summary judgment for the reasons discussed below, the Federal Bureau of Prisons should be dismissed as a party, as Warden Mitchell is the only proper respondent in this matter.

(Docket Entry 19.) The respondents filed a reply.[2] (Docket Entry 20.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Jenkins is serving an 60-month sentence in federal prison for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Respts.' Mot. Summ. J. Ex. A, Docket Entry 15-1.) His current projected release date is December 3, 2010. (Id.) Jenkins requested a determination as to whether he would be eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) based upon participation in a Residential Drug Abuse Program ("RDAP"). (Docket Entry 1-1 at 1.) In response, BOP determined that, due to his conviction for possession of a firearm, Jenkins would be ineligible under BOP's regulations and policies for the statutory early release incentive. (Docket Entry 1-1 at 2.) Having exhausted his administrative remedies through BOP, Jenkins now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

---

[2]Jenkins also submitted a sur-reply. (Docket Entry 21.) The court observes that under Local Civil Rule 7.07 DSC, "Replies to responses are discouraged" and, further, that the Local Rules make no provision whatsoever for sur-replies. Jenkins did not seek leave of court to file a sur-reply, and the court finds that this filing is not properly before the court. Even considering the sur-reply, however, it does not change the court's analysis of the legal issues and its recommendation to grant summary judgment.

PJG

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997);

*PJG*

Preiser, 411 U.S. at 475. Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

C.   **Jenkins's Grounds for Habeas Relief**

Pursuant to 18 U.S.C. § 3621(e)(2)(B), Congress granted to BOP the discretion to grant early release to prisoners who successfully complete a residential drug treatment plan. Id. (stating that the period of custody "*may* be reduced" by BOP) (emphasis added). In implementing this provision, BOP promulgated regulations providing for categorical denials of consideration of early release where a prisoner has been convicted of certain offenses. See 28 C.F.R. § 550.58 (eff. through March 15, 2009).[3] Specifically, BOP excludes from early release consideration inmates whose current offense is a felony "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon . . . ." Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835, n.3 (D.S.C. 2009) (quoting former 28 C.F.R. § 550.58(a)(vi)(B)). Further, pursuant to BOP's Program Statement 5162.04, several specific offenses—including a § 924(c) conviction for possession, carrying, use of a firearm in connection with a drug trafficking crime—are categorized as "violent" and preclude early release upon the completion of an RDAP. (See Respts.' Mot. Summ. J. Ex. D, Docket Entry 15-4 at 3) (BOP Program Statement 5162.04, ¶ 6(a)). Thus, under the regulation and BOP's program statement, Jenkins is ineligible for early release due to his § 924(c) conviction. (Id.)

---

[3]The court observes that since Jenkins filed this action, this regulation has been modified slightly and redesignated as 28 C.F.R. § 550.55. However, as Jenkins's action arose under the former regulation, the court will begin its discussion with 28 C.F.R. § 550.58 as it existed at that time.



BOP's regulation has been upheld by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. Lopez v. Davis, 531 U.S. 230 (2001); Cunningham v. Scibana, 259 F.3d 303 (4th Cir. 2001). Moreover, Paragraph 6 of the Program Statement was specifically upheld by the Fourth Circuit in Cunningham.[4] Cunningham, 259 F.3d at 306.

Relying on the decision of the United States Court of Appeals for the Ninth Circuit in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Jenkins contends that 28 C.F.R. § 550.58 was improperly promulgated under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). In Arrington, the Ninth Circuit found that, although BOP's interpretation of § 550.58 had been upheld by the United States Supreme Court in Lopez and by the Ninth Circuit in Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000), neither court had considered the distinct issue of whether § 550.58 was properly promulgated under the APA. Reviewing the explanation of BOP offered in the administrative record of the promulgation of § 550.58, the Ninth Circuit found that BOP had not "articulated a rational connection between the facts found and the choices made." Arrington, 516 F.3d at 1112 (quoting Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric., 415 F.3d 1078, 1093 (9th Cir. 2005)). Essentially, the Ninth Circuit found that, although the rule adopted by BOP was reasonable in substance, it nevertheless failed APA review because BOP failed to "comply with its procedural responsibility to articulate in the administrative record the rational basis upon which it relied in promulgating the rule." Arrington, 516 F.3d at 1115.

Many courts considering challenges to 28 C.F.R. § 550.58 based on Arrington have rejected or declined to follow the Ninth Circuit's reasoning in that case. See, e.g., Gatewood v. Outlaw, 560

---

[4] Jenkins argues that his case is distinguishable from Cunningham because Cunningham was convicted of a different charge than Jenkins. (Petr.'s Resp. in Opp'n Summ. J. at 5, Docket Entry 19 at 5.) However, this argument does not avail Jenkins. Nor is Jenkins's reliance on the dissent in Pelissero v. Thompson, 170 F.3d 442, 449 (4th Cir. 1999), persuasive.

F.3d 843 (8th Cir. 2009); Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835 (D.S.C. 2009); Minotti v. Whitehead, 584 F. Supp. 2d 750 (D. Md. 2008); Handley v. Chapman, No. 09-10061, 2009 WL 3468790 (5th Cir. Oct. 29, 2009); Gardner v. Grandolsky, No. 09-1742, 2009 WL 3416153 (3d Cir. Oct. 26, 2009); Lake v. Warden, Federal Satellite Low, C/A No. CV208-127, 2009 WL 2971633 (S.D. Ga. Sept. 16, 2009); Johnson v. Zych, C/A No. 09-CV-13216, 2009 WL 2960403 (E.D. Mich. Sept. 14, 2009); Pruett v. Kastner, No. CIV-09-308-W, 2009 WL 2253273 (W.D. Okla. July 28, 2009); Ables v. Eichenlaub, 2009 WL 722287 (N.D. Fla. March 18, 2009); Martinez v. Berkebile, No. 3-08-CV-1788-D, 2009 WL 159231 (N.D. Tex. Jan. 21, 2009); Snipe v. Dep't of Justice, No. 3:08-CV-22, 2008 WL 5412868 (N.D.W. Va. Dec. 23, 2008); Baxter v. Quintana, C/A No. 08-91, 2008 WL 5115046 (W.D. Pa. Dec. 4, 2008); Neal v. Grondolsky, C/A No. 08-2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (all rejecting or declining to follow the holding in Arrington); see also Alnoubani v. Fed. Bureau of Prisons, 306 Fed. Appx. 309, 2009 WL 102126 (7th Cir. Jan. 15, 2009) (taking no position on the reasoning of Arrington). Notably, three of these decisions were district courts applying Fourth Circuit precedent.

The Ninth Circuit's holding in Arrington is not controlling on this court. See, e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir. 2001) (observing that "a federal court of appeals's decision is only binding within its circuit.") The Fourth Circuit has not adopted the Ninth Circuit's technical requirement that the basis for an agency's decision be expressly and fully explained in the administrative record of the promulgation of its regulation. Rather, in reviewing agency action, the Fourth Circuit requires that the agency's rationale for its decision be reasonably discernible. See 1000 Friends of Maryland v. Browner, 265 F.3d 216, 238 (4th Cir. 2001) ("While an 'agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice

made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'") (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

In Hicks v. Federal Bureau of Prisons, 603 F. Supp. 2d 835 (D.S.C. 2009), the Honorable Henry F. Floyd, United States District Judge, addressed the precise issue before the court and concluded that BOP's explanation for its rule to exclude categorically certain prisoners from early release consideration satisfied the Fourth Circuit's standard enunciated in 1000 Friends. Hicks, 603 F. Supp. 2d at 843. Although the Hicks Court "agree[d] that the BOP could have more lucidly explained why it excluded inmates convicted under § 924(c) from the early release program," it viewed the agency's rule in light of its regulatory history, which involved "several different versions within a ten-year period, each of which had been construed differently among the federal courts." The Court concluded that the agency's path could be reasonably discerned. Id. at 840. The purpose of the regulation, the Court found, was to "allow for 'uniform' and 'consistent' application to all federal prisoners." Id.

Further, the Hicks Court observed, as an alternative and independent basis to deny habeas relief based on an Arrington claim, that on March 16, 2009, the BOP adopted a new version of the regulation at issue. This regulation is codified at 28 C.F.R. § 550.55, as opposed to § 550.58, the regulation at issue here. The new regulation, while essentially identical to the former version, contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. See Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009). The Hicks Court found that the new regulation, which essentially solved the problem that the Arrington Court found to be fatal, applied retroactively. Hicks, 603 F. Supp. 2d at 841-42.

Thus, the regulation that Jenkins challenges satisfies the Fourth Circuit's standard for the adequacy of an agency's explanation for its rule under the Administrative Procedures Act. See 1000 Friends of Maryland, 265 F.3d 216; Hicks, 603 F. Supp. 2d at 839-41. Further, even if it did not, any deficiency in the BOP's explanation has been cured by the adoption of 28 C.F.R. § 550.55, which may be applied retroactively to Jenkins. Hicks, 603 F. Supp. 2d at 840-41. For these reasons, Jenkins's Arrington claim fails.

## RECOMMENDATION

Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 15) be granted and that Jenkins's petition for a writ of habeas corpus be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).