IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher Lewis Jenkins, | ) | C/A NO. 0:08-3776-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Federal Bureau of Prisons; and Mary | ) | |
| M. Mitchell, Warden of FCI Edgefield, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* petition for writ of habeas corpus, filed
in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this
matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and
a Report and Recommendation ("Report"). On November 20, 2009, the Magistrate Judge issued a
Report recommending that the Federal Bureau of Prisons be dismissed from this action and that
Respondent Mary Mitchell's motion for summary judgment be granted and this matter dismissed
with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for
filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed
objections to the Report on December 2, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has
no presumptive weight, and the responsibility to make a final determination remains with the court.
*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*
determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's first objection is that the Federal Bureau of Prisons (BOP) is a proper party to this action because he should not be limited in the number of respondents against whom he can bring suit. For the reasons stated by Respondents in the Response to Petitioner's Reply to Motion for Summary Judgment (Dkt. # 20, filed Mar. 30, 2009), Respondent Federal Bureau of Prisons is not a proper party to this action and is dismissed.

Petitioner's second objection is that Respondents filed a motion for summary judgment instead of filing a Return, and therefore the motion is not properly before the court. This assertion is without merit.

Petitioner's third objection is that the case cited with approval by the Report, *Hicks v. Federal Bureau of Prisons*, 603 F. Supp. 2d 835 (D.S.C. 2009), is currently on appeal to the Fourth Circuit Court of Appeals and therefore should not be relied upon by this court. The *Hicks* case contains a thorough discussion of issues relevant in this case and is only considered persuasive authority.

Petitioner's fourth objection is that a recent decision of the Ninth Circuit affects the outcome of this matter. The Ninth Circuit recently decided *Crickon v. Thomas*, 579 F.3d 978 (9th Cir. 2009),

a case very similar to *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). In *Crickon*, the Ninth

Circuit held the BOP's regulation containing a categorical exclusion of certain inmates from

consideration for credit for completion of the RDAP program to be defective. The Ninth Circuit

found that the BOP had failed to "articulate its rationale" for exercising its discretion to exclude

inmates who had "stale" prior convictions for violent felonies. *Crickon*, 579 F.3d at 988-89.

Petitioner continues to believe that Ninth Circuit rulings should control the outcome of this matter,

yet this court is bound by the rulings of the Supreme Court of the United States and the Fourth

Circuit Court of Appeals, not those of the Ninth Circuit.

Petitioner finally argues that this court should "conduct a full and complete review of the

administration of § 3621(e)(2)(B)" and grant his Petition. Obj. at 6 (Dkt. # 27, filed Dec. 2, 2009).

The court agrees with the Report's finding that the regulation Petitioner challenges satisfies the

Fourth Circuit's standard for adequacy of explanation under the Administrative Procedures Act

(APA). Even if it did not, any deficiency has been cured by the adoption of 28 C.F.R. § 550.55,

which may be applied retroactively to Petitioner.

Petitioner's objections are unavailing. Therefore, the court **grants** the motion for summary

judgment and dismisses the petition with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 28, 2010